**Date Signed:**
**August 7, 2026**



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

In re:

PAUL RUSSELL WALLACE,

　　　　Debtor.

Case No.: 26-00298
Chapter 7

## ORDER TO SHOW CAUSE WHY
## CASE SHOULD NOT BE DISMISSED

Debtor Paul Russell Wallace filed a chapter 13 petition on April 15, 2026. Mr. Wallace successfully moved to convert the case to chapter 7 on August 3, 2026.[1] The court issues this order to show cause because the record shows Mr. Wallace apparently did not comply with the credit counseling requirement imposed by 11 U.S.C. § 109(h).

---

[1] ECF 36.

1

U.S. Bankruptcy Court - Hawaii  #26-00298  Dkt # 47  Filed  08/07/26  Page 1 of 4

Under section 109(h)(1), an individual debtor is not entitled to bankruptcy relief "unless such individual has, during the 180-day period ending on the date of filing of the petition by such individual, received . . . an individual or group briefing . . . that outlined the opportunities for available credit counseling . . . ." The debtor must comply with this requirement before filing the petition. Credit counseling that is completed after the petition date does not satisfy section 109(h)(1).

Mr. Wallace filed his certificate of credit counseling on May 10, 2026.[2] The certificate says that he completed counseling on April 27, 2026, twelve days after his April 15 petition date.

Mr. Wallace asserts that he completed the credit counseling course on April 13, 2026, and that the certificate was delayed due to a payment processing issue by the agency. The record, however, reflects otherwise. Mr. Wallace offers a letter from Abacus Credit Counseling stating that on April 27, 2026, Mr. Wallace submitted payment for the course fee and

---

[2] ECF 17.

U.S. Bankruptcy Court - Hawaii   #26-00298   Dkt # 47   Filed  08/07/26   Page 2 of 4

"completed the final counseling session with a credit counselor."[3] In an email from Abacus dated April 14, 2026, Abacus informed Mr. Wallace that he was "nearly finished with the course," and that Abacus would issue a certificate once he completed the course.[4] These documents show that Mr. Wallace did not complete the counseling until after the petition date.

Subsections 109(h)(2), (3), and (4) create limited exceptions to the credit counseling requirement. These exceptions do not apply here. Section 109(h)(2) does not apply because approved counseling services are readily available in this district. Moreover, Mr. Wallace has not filed a certification under section 109(h)(3)(A) seeking an exemption, and he has not asserted that section 109(h)(4) applies to make section 109(h)(1) inapplicable to him. Accordingly, no statutory basis exists to excuse his noncompliance.

Because Mr. Wallace did not timely complete credit counseling as required under section 109(h), he is ordered to show cause why this case should not be dismissed. Mr. Wallace must file a written response to this

---

[3] ECF 40 at 8.
[4] ECF 40 at 10.

3

U.S. Bankruptcy Court - Hawaii   #26-00298   Dkt # 47   Filed  08/07/26   Page 3 of 4

order on or before August 20, 2026. Failure to file a timely response may

result in dismissal of this case without prejudice and without further notice

or hearing.

**END OF ORDER**

4

U.S. Bankruptcy Court - Hawaii   #26-00298   Dkt # 47   Filed  08/07/26   Page 4 of 4